IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BLANCA GUERRERO** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21cv620 |
| | § | CRIMINAL ACTION NO. 4:17cr203(18) |
| **UNITED STATES OF AMERICA** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Movant Blanca Guerrero filed the above-styled and numbered cause, which was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Movant filed a motion in her underlying criminal case requesting that her sentence be modified. Her motion was construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the instant case was opened (Dkt. #1). The court provided a *Castro* warning to Movant on August 12, 2021, and ordered Movant to either complete and return a standard § 2255 form within thirty days or notify the court that she does not wish to proceed with a § 2255 motion (Dkt. #3). *See Castro v. United States*, 540 U.S. 375, 383 (2003) (when a court construes a pleading as a § 2255 motion, a warning must be provided advising that any future §2255 motions will be subject to restrictions on "second or successive" § 2255 motions). As of this date, Movant has neither submitted a completed standard § 2255 form nor has she notified the court as to her wishes concerning proceeding with a § 2255 motion. Accordingly, she has failed to prosecute her case. *See* Fed. R. Civ. P. 41(b).

1

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Movant failed to comply with the court's order to complete a standard form or otherwise advise the court of her intentions; therefore, this case should be dismissed for failure to prosecute.

The Fifth Circuit has repeatedly held that dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when a movant's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the movant benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Movant failed to prosecute the case by not complying with the court's order. Her intentions and actions do not threaten the judicial process; thus, a dismissal without prejudice is the best course of action at this time.

### **RECOMMENDATION**

It is therefore recommended that the construed motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice. Fed. R. Civ. P. 41(b). Within fourteen days after service of the magistrate judge's report, any party must serve and file specific

written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of July, 2023.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

3